**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JOHN SOLOMON,

                Plaintiff,

      v.                                                                    09-CV-367
                                           (NAM/DRH)

BRIAN FISCHER, Commissioner, Department
of Correctional Services; and DARWIN
LaCLAIR, Superintendent, Franklin Correctional
Facility,

                Defendants.

---

**APPEARANCES:**                            **OF COUNSEL:**

JOHN SOLOMON
Plaintiff Pro Se
08-A-5318
Great Meadow Correctional Facility
Post Office Box 51
Comstock, New York 12821

HON. ANDREW M. CUOMO          JUSTIN C. LEVIN, ESQ.
Attorney General for the             Assistant Attorney General
  State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**[1]

   Plaintiff pro se John Solomon ("Solomon"), an inmate in the custody of the New York

State Department of Correctional Services ("DOCS"), brings this action pursuant to 42

---

     [1]This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

U.S.C. § 1983 alleging that defendants Brian Fischer ("Fischer"), Commissioner of DOCS, and Darwin LaClair ("LaClair"), Superintendent of Franklin Correctional Facility ("Franklin"), violated his constitutional rights under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments.  Compl. (Dkt. No. 1).  Presently pending is the defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Dkt. No. 19.  Solomon opposes the motion.  Dkt. No. 26.  For the following reasons, it is recommended that defendants' motion be granted.

## I. Background

The facts are related herein in the light most favorable to Solomon as the non-moving party. See Ertman v. United States, 165 F.3d 204, 206 (2d Cir.1999).

At all relevant times, Solomon was housed at Franklin.  Compl. at 8.  Solomon states that several DOCS employees at Franklin, who are not parties to this action, conspired against and issued him false misbehavior reports.  Id.  Solomon specifically alleges that a non-party correction officer, Bordeau, participated in a racial conspiracy which included spreading false rumors about Solomon.  Id. at 7.  Solomon also asserts that non-party officers plotted "to get [Solomon] fired and fabricate . . . misbehavior reports . . ." Id.

Additionally Solomon claims that non-parties Lavoie and Carrigan "filed a misbehavior report against [him] stat[ing] that inmate was out of place and . . . fail[ed] to report to work . . . ." Compl. at 7.  Solomon contends that Lavoie and Carrigan "were maliciously try [sic] to convict [him] in the hearing, knowing that they were wrong . . . ." Id.  During the subsequent disciplinary hearing the hearing officer found Solomon guilty of being out of place.  Id. Nothing in the record indicates that Solomon appealed the disposition of his hearing.

Solomon also alleges that in December 2008, another non-party correction officer, T.

Agan, questioned Solomon about his presence in the television room when Solomon was "on disposition". Id. at 8. Solomon refused to answer "such [a] frivolous question" and, subsequently, his identification card was confiscated and he was sent to his cube.[2] Id.

In the two grievance documents which Solomon attached to the complaint, he alleged that non-party correction officer Raven and other inmates "[we]re working together to fabricate a complaint against [him]. . . ." Compl. at 10, 11. In a "Request for Interview or Information" dated December 4, 2008, Solomon also complained that Agan "filed a frivolous misbehavior report [which] stated that [he] was out of place on [December 12, 2008] and question[ed] . . . about something ignorant which did not take place . . . ." Id. at 12. Further, in grievance number FKN-8590-08, Solomon alleged that "there [wa]s a conspiracy going around to . . . writ[e] frivolous misbehavior report based upon . . . my sentence . . . .". Id. at 13. In the grievance, Solomon described the alleged malfeasance committed by Carrigan, Bordeau, and Lavoie that is discussed above. Id. at 13-14.

In response to Solomon's grievances, DOCS conducted an investigation into Solomon's complaints. Compl. at 15. LaClair denied Solomon's grievance, determining that it lacked merit. Id. at 15. LaClair concluded that Solomon did 'not provide[] any evidence to substantiate his allegation that there [wa]s a conspiracy against him." Id. Additionally, LaClair determined that the misbehavior reports were written pursuant to practicing "sound security measures." Id. In response to Solomon's administrative appeal, the Central Office

---

[2] The "Cube" refers to a form of punitive confinement for violating rules at Franklin. See Lee v. Coughlin, 26 F. Supp. 2d 615, 618 (S.D.N.Y. 1998) ("Three forms of punitive confinement exist in New York: placement in SHU, keeplock, which is confinement to the prisoner's cell, and cube, which is confinement to the prisoner's own bed in dormitory housing.")

Review Committee upheld LaClair's decision.  Id. at 2.  This action followed.


## II.  Discussion

Solomon asserts multiple causes of action.  Specifically, Solomon alleges that his First

Amendment rights were violated when he was written false and retaliatory misbehavior

reports.  Solomon also contends that his Fourteenth Amendment rights were violated when

he suffered from an equal protection violation because of his race.[3]  Defendants seek

---

[3] Liberally construing Solomon's complaint, he appears to allege a due process violation in connection with the disciplinary disposition that he was issued as a result of the alleged false misbehavior report.  Even construing the facts in the light most favorable to Solomon, such allegations are without merit.  First, Solomon has failed to allege that either defendant was involved in the issuing of his misbehavior report or the subsequent disciplinary hearing.  Without personal involvement in the incident, neither named defendant is liable for damages.  Wright v. Smith, 21 F.3d 496, 501 (2d Cir.1994).  To the extent an action against unnamed corrections officers would be successful is beyond the purview of this opinion.
   Second, Solomon has failed to establish a protected liberty interest.  As a threshold matter, an inmate asserting a violation of his or her right to due process must establish the existence of a protected interest in life, liberty, or property. See Perry v. McDonald 280 F.3d 159, 173 (2d Cir. 2001). To establish a protected liberty interest, a prisoner must satisfy the standard set forth in Sandin v. Conner, 515 U.S. 472,483-84 (1995).  This standard requires a prisoner to establish that the deprivation was atypical and significant in relation to ordinary prison life. Id. at484; Jenkins v. Haubert, 179 F. 3d 19, 28 (2d Cir. 1999); Frazier v. Coughlin, 81 F.3d 313, 317 (2d Cir. 1996).  The Second Circuit has noted that where the period of confinement exceeds thirty days, "refined fact-finding" is required to resolve defendants' claims under Sandin.  Colon v. Howard, 215 F.3d 227, 230 (2d Cir. 2000); see also Davis, 576 F.3d at 134-35 (finding questions of fact and insufficient record to grant defendants' summary judgement under Sandin where plaintiff spent sixty days in the Special Housing Unit (SHU)).  The fact that Solomon has been disciplined, even with a SHU confinement, alone is insufficient to establish atypical and significant depravation.  In this case Solomon served a thirty day disposition. Comp. at 14.  It is unclear whether the entire period was in segregation, but construing the facts in the light most favorable to Solomon, that fact is assumed.  As his disposition did not exceed thirty days, refined fact finding need not occur.  Also, Solomon does not state any where in his complaint that his time in SHU was atypical and significant in relation to ordinary prison life.
   Therefore, it is recommended that defendants' motion on this ground be granted.

4

dismissal of all claims contending that 1) Solomon has failed to state a claim; 2) Solomon failed to establish the personal involvement of defendant Fisher; and 3) both Fisher and LaClair are entitled to qualified immunity.


## A. Legal Standard

Under Fed.R.Civ.P. 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).  When considering a motion to dismiss, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F. 3d 147, 150 (2d Cir. 1994).  However, this "tenet . . . is inapplicable to legal conclusions[; thus, t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, --- U.S. --- , 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (holding that "entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action ... [as] courts are not bound to accept as true legal conclusion couched as a factual allegation.")).

Accordingly, to defeat a motion to dismiss, a claim must include allegations sufficient to establish "facial plausibility . . . that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556 (explaining that the plausibility test "does not impose a probability requirement . . ."  More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]" assuming, of course, that all the allegations in the complaint are true.  Id. at 1965 (citations omitted).  What this means, on a

practical level, is that there must be "plausible grounds to infer [actionable conduct]," or, in other words, "enough fact to raise a reasonable expectation that discovery will reveal evidence of [actionable conduct]." Id.; see also Arar v. Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009) (holding that, "[on] a motion to dismiss, courts require enough facts to state a claim to relief that is plausible . . .") (citations omitted).  Determining whether plausibility exists is "a content specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950-51.

When, as here, a party seeks judgment against a pro se litigant, a court must afford the non-movant special solicitude.  See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006).  As the Second Circuit has stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to "special solicitude," that a pro se litigant's submissions must be construed "liberally," and that such submissions must be read to raise the strongest arguments that they suggest.  At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro se litigant's allegations or arguments that the submissions themselves do not "suggest," that we should not "excuse frivolous or vexatious filings by pro se litigants" and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law.

Id. (internal citations and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant # 1, 537 F. 3d 185, 191-92 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally." (citations omitted)).

6

## B. Retaliation[4]

In order to state an actionable claim for retaliation, a plaintiff must first allege that the plaintiff's conduct was constitutionally protected and that this protected conduct was a substantial factor that caused the adverse action against plaintiff. Graham v. Henderson, 89 F.3d 75, 79 (2d Cir.1996).  However, courts must view retaliation claims with care and skepticism to avoid judicial intrusion into prison administration matters. Id.  Conclusory allegations alone are insufficient.  Id. (citing Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983) (explaining that "claim[s] supported by specific and detailed factual allegations . . . ought usually be pursued with full discovery.")).

In this case Solomon alleges that the officers conspired against him. Specifically, Solomon states "that there is a conspiracy going around to . . . writ[e] frivolous misbehavior report [sic] base upon the fact because of my sentence . . . ."[5]  Compl. at 7.  However,

---

[4] Although defendant's have argued other grounds for dismissal, such grounds will not be addressed because, as discussed below, Solomon has failed to state an actionable retaliation claim.

[5] Solomon alleges that the retaliation and conspiracy to retaliate are "racially influenced."  Compl. at 7.  However, even reading the facts in the light most favorable to him, Solomon has still failed to state a claim.  The Fourteenth Amendment's Equal Protection Clause mandates equal treatment under the law.  Essential to that protection is the guarantee that similarly situated persons be treated equally. City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985)In order to establish an equal protection violation, the plaintiff must show that "he was treated differently than others similarly situated as the result of intentional or purposeful discrimination." Phillips v. Girdich, 408 F.3d 124, 129 (2d Cir. 2005).  Solomon has failed to demonstrate, or even allege facts which establish, that he was treated differently than anyone else, or that he was treated differently based upon intentional and purposeful discrimination.  Solomon makes only vague and conclusory allegations that he was denied the equal protection of the laws and thus has failed sufficiently to show an equal protection violation. See De Jesus v. Sears Roebuck & Co., Inc., 87 F.3d 65, 70 (2d Cir. 1996). Equally significant here is that the complaint contains no allegation as to which inmates in a similar situation were treated differently than Solomon.  Oliver v. Cuttler, 968 F. Supp. 83, 88 (E.D.N.Y. 1997).

Solomon's allegations are proffered in bare and conclusory terms.  See Flarherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983) ( "[a] complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone").  Such claims are insufficient to state a cause of action.

Additionally, Solomon claims that the adverse action of receiving the false misbehavior report was due to his criminal sentence.  Such contentions fail to assert constitutionally protected conduct.  Instead, such allegations suggest that adverse actions befell Solomon because certain unnamed parties were angry for the reason he was incarcerated, and not for any constitutionally protected conduct in which he was engaged.  Accordingly, Solomon has failed to establish one of the two prongs of the retaliation analysis and has failed to state a claim.

Moreover, liberally reading the complaint, it could be said that because Solomon filed at least one grievance, he has alleged retaliation based upon the actions of submitting grievances.  It is true that filing  grievances is constitutionally protected conduct.  Bounds v. Smith, 430 U.S. 817, 828 (1977).  However, Solomon fails to allege any temporal proximity between filing grievance and the adverse action of receiving the false misbehavior report.  As Solomon references his entire disciplinary process and the alleged false misbehavior reports in the grievance attached to the complaint, Compl. at 15, it was arguably filed after the adverse action.  Therefore, the adverse action cannot be said to be motivated or related to Solomon's actions in filing grievances.  Thus, Solomon has alleged retaliatory conduct "in wholly conclusory terms;" thus, the claims are appropriate for dismissal as there is no

---

Accordingly, it is recommended that defendants' motion on this ground be granted.

"colorable suspicion of retaliation . . . [to] support at least documentary discovery." Flaherty,

713 F.2d at 13.

Accordingly, defendants' motion should be granted on this ground.

### C. False Misbehavior Reports

Liberally construing Solomon's complaint, he alleges that he received false misbehavior

reports which resulted in an unjustified disciplinary disposition.  As discussed supra, in n.3,

the presently named defendants are not alleged to have directly participated in either the

filing of the misbehavior reports or the subsequent disciplinary hearing.  Even construing

the facts in the light most favorable to Solomon, any attempt at alleging defendants' were

engaged in writing false misbehavior reports is without merit.

An inmate has a right not to be deprived of a liberty interest without due process.

However, a "prison inmate has no constitutionally guaranteed immunity from being falsely

or wrongly accused of conduct which may result in the deprivation of a protected liberty

interest." Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986)). "There must be more,

such as retaliation against the prisoner for exercising a constitutional right." Boddie v.

Schnieder, 105 F .3d 857, 862 (2d Cir.1997) (citing Franco v. Kelly, 854 F.2d 584, 588-90

(2d Cir. 1988)).

In this case, Solomon has not alleged, and the complaint would not support, a retaliation

claim.  As previously discussed, Solomon's contentions that his sentence served as the

basis for retaliation do not constitute constitutionally protected conduct.  Moreover, even

assuming that the attached grievance was the basis for his retaliation claim, Solomon has

failed to establish that the grievance was the motivation for the adverse action. Because

Solomon has failed to state a claim for retaliation, the present claims are also inappropriate.

Accordingly, defendants' motion on this ground is granted.


### D. Failure to Follow DOCS Rules and Regulations.

Solomon contends that both the unnamed parties and defendants negligently failed to

"follow required guidelines under state and federal law." Compl. at 9. However, claims of

negligence are not actionable under section 1983. Daniels v. Williams, 474 U.S. 327, 332-

33 (1986). Assuming Solomon is attempting to assert a constitutional claim, he as failed to

allege how his constitutional rights were violated. To the extent that this claim stems from

defendants alleged violation of a DOCS directive or some other regulation, "violations of

state law or regulations in themselves do not state a viable § 1983 claim." Avincola v.

Marra, No. 07-CV-127 (TJM/GJD), 2009 WL 606151, at *7 (N.D.N.Y Mar. 9, 2009) (citing

Dixon v. Goord, 224 F. Supp. 2d 739, 744-45 (S.D.N.Y. 2002) ("Violations of state law

procedural requirements do not alone constitute a deprivation of due process since federal

constitutional standards rather than state law define the requirements . . . .") (internal

quotation marks and citations omitted)). As Solomon cannot successfully allege violations

of state law, and no due process violations have been plausibly proffered, he has failed to

plead a viable claim.

Thus, the defendants motion should be granted as to this claim.

### E. Personal Involvement

In the alternative, Fischer seeks dismissal based on a lack of personal involvement. Personal involvement is an essential prerequisite for section 1983 liability. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). A section 1983 defendant, however, cannot be liable "merely because he held a high position of authority." Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996). However, supervisory personnel may be considered " personally involved" if:

> 1) the defendant participated directly in the alleged constitutional violation;
>
> 2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong;
>
> 3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom;
>
> 4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or
>
> 5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (citing Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986)).

Solomon contends nonetheless that because of Fischer's authority within DOCS and the fact that he had given him notice of his claims, he is liable. Fischer cannot be held liable simply because he is a supervisor. Black, 76 F.3d at 74.

11

Solomon does not claim that Fisher directly retaliated against him or participated in the alleged conspiracy to retaliate against him.  In fact, Solomon states "Brian Fisher is unaware of the misconduct going on at Franklin Correctional Facility, which involve [sic] in this alleged conspiracy to commit corruption maliciously."  Compl. at 8. Solomon does not allege that Fischer failed to address any issue presented to him by plaintiff, created a policy sanctioning constitutional violations, failed to act on information that unconstitutional acts were occurring, or that he negligently supervised subordinates.

In the alternative, because Solomon failed to show that Fischer had any personal involvement in the matters alleged in the complaint, the motion to dismiss should be granted on this ground as to Fischer.

**F. Qualified Immunity**

Defendants also contend that they are entitled to qualified immunity.  Qualified immunity  generally protects governmental officials from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Aiken v. Nixon, 236 F.Supp.2d 211, 229-30 (N.D.N.Y. 2002) (McAvoy, J.), aff'd, 80 Fed. Appx. 146 (2d Cir. Nov. 10, 2003).  However, even if the constitutional privileges "are so clearly defined that a reasonable public official would know that his actions might violate those rights . . . immunity might still be available as a bar to . . . suit if it was objectively reasonable for the public official to believe that his acts did not violate those rights."   Kaminsky v. Rosenblum, 929 F.2d 922, 925 (2d Cir. 1991)

(citations omitted).  A court must first determine whether, if plaintiff's allegations are accepted as true, there would be a constitutional violation.  Saucier v. Katz, 533 U.S. 194, 201 (2001). Only if there is a constitutional violation does a court proceed to determine whether the constitutional rights were clearly established at the time of the alleged violation.  Aiken, 236 F.Supp.2d at 230.

In this case, the second prong of the inquiry need not be reached because, as discussed supra, accepting all of Solomon's allegations as true, he has not alleged that defendants violated his constitutional rights.  Accordingly, in the alternative, defendants' motion to dismiss should be granted on this ground.

### G. Damages For Emotional Distress

Solomon seeks a judgment of $999 billion for emotional damages he sustained. Compl. at 9.  Pursuant to the Prisoner Litigation Reform Act of 1995 ("PLRA"), "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  Because Solomon has failed to allege that he has suffered any concomitant physical injury, he is precluded from recovering any type of compensatory damages related to emotional distress.  Jenkins v. Haubert, 179 F.3d 19, 28-29 (2d Cir. 1999) ("[I]n the case of suits seeking damages for mental or emotional injuries. . . a defendant in a prisoner § 1983 suit may also assert an affirmative defense the plaintiff's failure to comply with the PLRA's requirements [and make a prior showing of a physical injury].").

Accordingly, to the extent that Solomon seeks compensatory damages, such

13

claims are precluded by the PLRA.  Therefore, in the alternative, defendants' motion

on this ground should be granted.


### H. Other Claims

Solomon also alleges violations occurring under the Fifth, Sixth, and Eighth

Amendments.  After closer inspection of the claims, none of these amendments apply.

The Fifth Amendment pertains to criminal charges and prohibits the federal

government from violating a person's due process rights. See Public Utilities Comm'n

v. Pollak, 343 U.S. 451, 461 (1952); Am. Bankers Mortgage v. Fed. Home Loan

Mortgage, 75 F.3d 1401, 1406 (9th Cir. 1996); Birdsall v. City of Hartford, 249 F. Supp.

2d 163, 170 (D. Conn. 2003).  The Sixth Amendment pertains to criminal prosecutions

and the right to a speedy trial with process for obtaining witnesses and acquiring

representation.  U.S. Const. amend. IV.  As this case is civil and not criminal in nature

and asserts no conduct by any federal employee, official, or entity, the Fifth and Sixth

Amendments do not apply.

The Eighth Amendment also does not apply.  The Eighth Amendment prohibits

the infliction of "cruel and unusual punishment." U.S. Const. amend. VIII.  A prisoner

advancing such claims must satisfy an objective and subjective, two-prong test,

establishing the presence of a serious and deliberate indifference to that need.  See

e.g., Chance v. Armstrong, 143 F.3d 698, 702-704 (2d Cir. 1998) (outlining the two-

prong standard).  In this case, Solomon has failed to allege that he suffers from a

serious medical need.  Additionally, Solomon has failed to name anyone responsible

for the provision of medical care for which he could claim instances of deliberate indifference.  Thus, he has failed to provide any evidence indicating a plausible Eighth Amendment claim.

Accordingly, these amendments have no application to the allegations in Solomon's complaint and defendants should be granted judgment on those claims.

### III.  Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendant's motion to dismiss (Dkt. No.19) be **GRANTED** in all respects and the complaint be **DISMISSED** as to both defendants and all claims.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


Dated:  July 21, 2010
        Albany, New York

_David R. Homer_

United States Magistrate Judge